**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **VICTOR ATEMNKENG MBIAOH,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-26-670-D** |
| | ) |
| **TODD BLANCHE, et al.,** | ) |
| | ) |
| **Respondents.**[1] | ) |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Victor Atemnkeng Mbiaoh, a noncitizen[2] and Cameroonian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Chris Gantt was announced as Warden of Cimarron Correctional Facility in May 2026. He replaces Scarlet Grant and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.     <u>Background</u>

Petitioner, a citizen of Cameroon, entered the United States at the San Ysidro, California Port of Entry on January 24, 2023.  Pet. at 5; Doc. 9-1 at 1 (Notice to Appear). Upon arrival, he expressed a fear of persecution in Cameroon and was processed by United States Border Patrol.  Pet. at 5; Resp. at 2.  On January 26, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 5; Resp. at 2; Doc. 9-1 at 1.  On January 27, 2023, Petitioner was released from detention on an Order of Release on Recognizance.  Pet. at 5; Resp. at 2; Doc. 9-2 at 1 (Order of Release on Recognizance).  Petitioner alleges he fully complied with the conditions of his release, attended all scheduled immigration check-ins, and engaged in no criminal conduct. Pet. at 5.  On July 26, 2023, he filed an Application for Asylum and for Withholding of Removal, and his removal proceedings remain pending.  *Id.*; Resp. at 2.

On February 19, 2026, ICE re-arrested Petitioner during a regularly scheduled check-in at the Oklahoma City ICE office.  Pet. at 6; Resp. at 2.  He alleges ICE did not identify any changed circumstances for his re-detention, provide written notice of the grounds for his re-detention, or afford him any opportunity to respond to or contest the decision to re-detain him.  Pet. at 6.  The undersigned presumes ICE is detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).  Petitioner did not allege he requested a bond hearing.  Such a request, though, would likely be futile because all immigration judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec.

216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 6. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 23, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Due Process**. Petitioner alleges his re-detention without notice violates his due process rights because re-detention bears no rational relationship to ensuring his appearance at future proceedings, as he was previously released and complied with all conditions of release. Pet. at 8-12.

- **Count II: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his re-detention without a hearing and absent materially changed circumstances violates 8 C.F.R. § 236.1(c). Pet. at 12-13.

- **Count III: Violation of the Administrative Procedure Act ("APA")**. Petitioner alleges his re-detention by ICE was arbitrary and capricious in violation of the APA. *Id.* at 13-14.

He asks the Court to "issue a Writ of Habeas Corpus ordering Respondents to immediately release [him]." Pet. at 15. Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[3] *Id.*

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

3

### III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.    Analysis

#### A.    Section 1226(a) applies to Petitioner's detention.

Petitioner does not raise a specific claim that his detention violates the Immigration and Nationality Act ("INA").  However, given ICE's current policies to detain similar petitioners under 8 U.S.C. § 1225(b)(2)(A), the Court must first determine what statute governs Petitioner's detention before it can determine whether his due process rights have been violated.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a)

4

more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Neither party has briefed which statute governs Petitioner's current detention. However, the undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's detention.

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *Colin*, 2025 WL 3645176, at *4. "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be superfluous and redundant, and courts should avoid statutory interpretations that make any part of the statute superfluous." *Colin*, 2025 WL 3645176, at *4 (citation modified). The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those

5

like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

Second, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified).

Third, this analysis is not impacted by Petitioner's application for asylum. *See, e.g.*, *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (concluding "a pending asylum application does not render § 1225(b)(2)(A) applicable to Petitioner"); *Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (finding "§ 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum").

Finally, Petitioner's previous release on his own recognizance under § 1226 in January 2023 also supports application of § 1226(a) to his current detention. *See, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release on recognizance under § 1226 indicates he "was—and continues to be—subject to discretionary detention under § 1226"); *Chen v.*

*Soto*, No. CV 25-17198, 2025 WL 3527239, at *3 (D.N.J. Dec. 9, 2025) (granting habeas relief and ordering respondents to provide a bond hearing for petitioner previously released on his own recognizance pursuant to § 1226 because previously treating petitioner under § 1226 "defeats respondents' new position that a different statutory provision applies").

In sum, this Court, Chief Judge Palk, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner who had been living in the United States for years and were present in the country when apprehended.[4]  This conclusion is also in accord with the Second, Sixth, and Eleventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as typically urged by Respondents. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).[5]  In contrast, the Fifth and Eighth Circuit Courts of Appeals recently applied § 1225 to similar habeas challenges, agreeing

---

[4] *See, e.g., Colin*, 2025 WL 3645176, at *5; *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez v. Holt,* No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025).  Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

[5] In a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided there was no basis to reach the issue. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56, 861-63, 871-77 (7th Cir. 2026).

with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a). *See, e.g.*, *Singh v. Mullin*, No. CIV-26-847-D, 2026 WL 1270062, at *1-2 & 1 n.1 (W.D. Okla. May 8, 2026) (recent application by this Court of § 1226(a) to a similarly situated petitioner, noting "the Court finds persuasive the analysis provided by the Second Circuit in *Cunha v. Freden* . . . and by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025)"). The undersigned recommends the Court apply § 1226(a) to Petitioner's detention.

**B.     Due Process entitles Petitioner to a bond hearing.**

Petitioner alleges his re-detention without notice, a hearing, or new justification violates his due process rights because re-detention bears no rational relationship to ensuring his appearance at future proceedings and he has previously been released and complied with all conditions of release. Pet. at 9. Petitioner further alleges his re-detention violates due process when considering the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Pet. at 9-12. Respondents allege even if the *Mathews* tests applies, Petitioner's due process claim fails. Resp. at 6-8.[6] The undersigned concludes that because

---

[6] Respondents also allege Petitioner is not entitled to due process under *Zadvydas* because he has been in custody for less than two months, which is presumptively reasonable, and he cannot show there is no significant likelihood of removal in the reasonably foreseeable future. Resp. at 3-4.

§ 1226(a) applies to Petitioner's detention, he is owed the due process provided to him under the statute. When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025).

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. It applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. In the civil immigration detention context, courts consistently apply the *Mathews* test to evaluate the process owed a noncitizen. *See, e.g., Hernandez-Lara v. Lyons*, 10 F.4th 19, 27-39 (1st Cir. 2021) (applying *Mathews* to due process challenges to prolonged detention under § 1226(a)); *Velasco Lopez v. Decker*, 978 F.3d 842, 851-55 (2d Cir. 2020) (same).

The *Mathews* test includes three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. All three factors weigh in Petitioner's favor.

First, Petitioner has a strong liberty interest in being free from physical detention. This is "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). Because freedom from restraint is "at the core of the liberty interest protected

9

by the Due Process Clause, commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (citation modified). "Congress may make rules as to aliens that would be unacceptable if applied to citizens," *Demore v. Kim*, 538 U.S. 510, 522 (2003), but that power remains subject to "important constitutional limitations," *Zadvydas*, 533 U.S. at 695. It does not eliminate Petitioner's significant interest in being free from detention. *See, e.g., Diaz v. Noem*, No. 26-CV-00782, 2026 WL 733587, at *3 (D. Colo. Mar. 16, 2026) (concluding the first *Mathews* factors supports finding a due process violation where petitioner "is being held in a detention facility that strongly resembles penal confinement, is away from his family, and is unable to maintain his employment" (citation modified)).

Second, the risk of erroneous deprivation is high here, considering Respondents' current position to afford him no bond hearing. *See, e.g., Montero Cordova v. Noem*, No. 26-CV-00526, 2026 WL 867689, at *9 (D.N.M. Mar. 30, 2026) (finding the second *Mathews* factor favors petitioner because "the risk of erroneous deprivation will remain high" "without the opportunity to have the hearing to which Petitioner is entitled" under § 1226(a) and noting "a bond hearing before a neutral immigration judge will provide immense value as an additional safeguard" (citation modified)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest.").

Finally, the Court must consider the government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. While "control over matters of

10

immigration is a sovereign prerogative" and the "government's interest in efficient administration of immigration laws at the border is weighty," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982) (citation modified), such interests in detaining Petitioner without procedural safeguards do not outweigh his liberty interest or risk of erroneous deprivation. *See Montero Cordova*, 2026 WL 867689, at *10 (finding though "the Government's interest in enforcing its immigration policies must be afforded considerable weight," the third factor favors petitioner because "the fiscal and administrative burdens of providing a bond hearing under § 1226(a) are minimal and do not provide adequate justification for foregoing the hearing entirely"); *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 943 (D. Colo. 2025) (comparing the "quite limited" harm to government, "because the administrative burden of a bond hearing is minimal," to the "sizeable harm posed to [petitioner] by continued—and potentially unnecessary—detention" (citation modified)). Further, the fact Petitioner has been living in the United States for more than three years also weighs in his favor. *See Ekenge v. Baltazar*, No. 26-CV-00630, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026) (finding the government's interest "not substantial" where petitioner was re-detained after being released and "any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue" (citation modified)).

Bond hearings "are a significant procedural safeguard to balance the Government's interest in immigration enforcement against individual liberties." *Singh v. Bondi*, No. 26-CV-0125, 2026 WL 690013, at *6 (W.D. Tex. Mar. 6, 2026). Petitioner's continued detention without a bond hearing violates his due process liberty interests, and he is entitled to a prompt bond hearing under § 1226(a) before an IJ.

### C.    Petitioner's re-detention violated ICE regulations

Petitioner also alleges his re-detention absent materially changed circumstances violates 8 C.F.R. § 236.1(c).  Pet. at 12-13.  Section 236.1(c)(9) gives immigration officials broad discretion to revoke bond or conditional parole "at any time."   After an authorized official exercises discretion to revoke the bond or parole granted under 8 U.S.C. § 1226(a), the noncitizen is to be rearrested under the original warrant.  *See id.* § 1226(b) ("The [Secretary of Homeland Security] at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."). Officials authorized to revoke a noncitizen's release are "the district director, acting district director, deputy district director, assistance district director for investigations, assistant district director for detention and deportation, or officer in charge."  8 C.F.R. § 236.1(c)(9).

Petitioner's Order of Release includes a space for an "ICE Official Cancelling Order" to sign and indicate why the Order of Release is being cancelled.  Doc. 9-2 at 1. Notably here, no evidence in the record indicates that any authorized ICE official chose to exercise their discretion to cancel Petitioner's Order of Release.  That alone is sufficient to find the proper procedures were not followed in effectuating Petitioner's detention.  *See Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1099500, at *3 (W.D. Okla. Apr. 22, 2026) ("No evidence in the record indicates that any *authorized* official chose to exercise their discretion to revoke Petitioner's release on bond.  That alone is sufficient to find that proper procedures were not followed in effectuating Petitioner's detention." (emphasis in original)) (R&R), *adopted*, No. CIV-26-289-R, 2026 WL 1483557, at *2 (W.D. Okla. May 27, 2026) (adopting the R&R because Respondents waived de novo review of this issue

12

but agreeing with the Magistrate Judge who "issued a well-reasoned opinion finding ICE failed to comply with procedures"). Further, no evidence in the record indicates Petitioner was re-arrested "under the original warrant," as required under § 1226(b). *Singh*, 2026 WL 1099500, at *3 (noting "there is no evidence that Petitioner was arrested pursuant to his original warrant of arrest" in finding Respondents violated their own regulations when revoking Petitioner's release (citation modified)) (R&R), *adopted*, 2026 WL 1483557, at *2 (adopting the R&R because Respondents waived de novo review of this issue but agreeing with the Magistrate Judge who "issued a well-reasoned opinion finding ICE failed to comply with procedures").[7] Accordingly, the Court should find Petitioner's re-detention violated ICE regulations.

### D. The proper remedy is a bond hearing.

As Respondents point out, Petitioner does not request a bond hearing. Resp. at 1. Rather, Petitioner seeks "a Writ of Habeas Corpus ordering Respondents to immediately release [him]." Pet. at 15. Consistent with a common approach in this District, the undersigned recommends Petitioner be afforded a constitutionally sufficient bond hearing as a lesser remedy than release. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL

---

[7] The undersigned agrees with Respondents that Petitioner's reliance on *Hamidi v. Bondi*, No. CIV-25-1205-G, 2025 WL 3452454 (W.D. Okla. Dec. 1, 2025), is misplaced. Resp. at 10. The court in *Hamidi* analyzed the revocation of the petitioner's Order of Supervision pursuant to 8 C.F.R. § 241.13 whereas here Petitioner alleges his Order of Release on Recognizance, governed by § 236.1(c), was improperly revoked. *See Hamidi*, 2025 WL 3452454, at *2-4 (concluding petitioner's Order of Supervision was improperly revoked pursuant to 8 C.F.R. § 241.13). However, as discussed, ICE can violate § 236.1(c) if it fails to properly revoke Petitioner's release under that provision.

950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))).  As Judge Russell acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond."  *Id.* at *1 (citation modified).

As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute."  *Id.* (citation modified).  Further, Petitioner has not alleged or provided evidence that he was previously detained and released under an IJ's bond or any other provision now warranting immediate release.[8]

---

[8] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures.  *See, e.g., Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1-2 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified).  However, here Petitioner fails to allege or prove he was previously ordered released pursuant to § 1226(a) by an *immigration judge* rather than at the discretion of an ICE or customs agent.  Accordingly, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing.  *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner

Therefore, based on Petitioner's arguments and consistent with Judge Russell's approach, the undersigned recommends Petitioner be afforded an individualized bond hearing pursuant to § 1226(a).

Finally, Magistrate Judges in this District, including the undersigned, have previously recommended the Court order the government to bear the burden at a bond hearing to establish a petitioner's risk of flight or danger when granting habeas relief to similarly situated petitioners when (1) their re-detention violates due process and (2) they raise such a claim and specifically request burden shifting. However, Judges in this District, including this Court, have declined to order burden shifting. *See Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (declining "to place the burden on the government to justify Petitioner's detention pending removal proceedings"); *see also, e.g., Singh v. Mullin*, No. CIV-26-712-HE, Order, Doc. 13 at 2-7 (W.D. Okla. June 18, 2026) (analyzing the *Mathews* factors and concluding "petitioner is not entitled, as a matter of Fifth Amendment Due Process, to a hearing at which the burden of proof is on the government"); *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026)

---

supported his requested form of relief with legal authority"). Therefore, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

(declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted).  Accordingly, the undersigned does not recommend burden shifting in this case.

> ### E.     The Court should decline to address Petitioner's APA claim.

Petitioner also argues that his re-detention violates the APA.  Pet. at 13-14.  If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends that the Court decline to decide the merits of the APA claim based on his re-detention.  *See, e.g.*, *Colin*, 2025 WL 3645176, at \*6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's [additional] claim.").

## V.     <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **June 30, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 6, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and

16

legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 23rd day of June, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE