IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

VICTOR ATEMNKENG MBIAOH,              )
                                      )
        Petitioner,                   )
                                      )
v.                                    )        Case No. CIV-26-670-D
                                      )
TODD BLANCHE, *et al.*,               )
                                      )
        Respondents.                  )

## ORDER

Petitioner Victor Atemnkeng Mbiaoh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cameroon who entered the United States on January 24, 2023. Petitioner was released on his own recognizance and has since applied for asylum.

Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on February 19, 2026, and his removal proceedings are ongoing. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner alleges that he has not received a bond hearing since his re-detention by ICE.

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On June 23, 2026, Judge Stephens issued a Report and Recommendation [Doc. No. 14], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely

1

Objection to Report and Recommendation [Doc. No. 15], asserting that Petitioner is properly detained under § 1225(b) and is thus not entitled to a bond hearing.

On July 7, 2026, Petitioner filed a Motion for Leave to File Response to Respondents' Objection to Report and Recommendation Out of Time [Doc. No. 16]. In Petitioner's attached proposed reply [Doc. No. 16-1], which the Court has reviewed and considered[1], Petitioner asserts that § 1225(b)(2)(A) does not apply to individuals like him, who "have lived in the United States for years and were re-arrested in the interior." [Doc. No. 16-1, at 2]. Petitioner adds that he "has been detained for months without the bond hearing he is entitled to under § 1226(a), which is precisely the prejudice the Magistrate Judge's recommended remedy is intended to cure." *Id.* at 5.

Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *See Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).").

---

[1] Petitioner's motion for leave to file a reply out of time is **GRANTED**. However, the Court notes that it is the regular practice of Magistrate Judges in this District to put the objection and reply deadlines in the body of reports and recommendations. It is not, as counsel asserts, the practice in this District to enter a "separate scheduling order" or "standalone order" for the parties' deadlines to object and reply to a Magistrate Judge's R&R, and counsel should not expect a separate order setting R&R briefing deadlines in the future.

In previously construing § 1225(b)(2)(A), the undersigned has repeatedly concluded that the subsection "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025). This conclusion is in accord with *Santillan Quiroz*, in which the Tenth Circuit held that "§ 1225(b)(2)(A)'s application is limited to the border."[2] --- F.4th ---, 2026 WL 1876709, at *8. Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Santillan Quiroz*, 2026 WL 1876709, at *7 ("The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.").

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[3] *See Santillan Quiroz*, 2026 WL 1876709,

---

[2] As noted by the Tenth Circuit, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who, like Santillan Quiroz, are found in the country's interior." *Santillan Quiroz*, 2026 WL 1876709, at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), and *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026)); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

[3] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

at *17 n.13 (directing district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein. Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), **within 7 days of the date of this Order**, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 13th day of July, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE