**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VICTOR ATEMNKENG MBIAOH,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *et al*.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-670-D |

**ORDER**

Before the Court is Petitioner's Motion for Immediate Release [Doc. No. 19]. In his Motion, Petitioner asks the Court to order his immediate release from Respondents' custody.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], in which he asserted that his detention was violative of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq*. (INA). In a prior Order [Doc. No. 17], the Court granted in part Petitioner's habeas petition, found that 8 U.S.C. § 1226(a) controls Petitioner's detention, and ordered Respondents to provide Petitioner with a prompt bond hearing under § 1226(a), or release Petitioner.

In the present motion, Petitioner advises the Court that he received a bond hearing, but that he "was refused a bond for reasons unclear." [Doc. No. 19]. Petitioner states that the Immigration Judge found he was "not a flight risk" or "a danger to . . . society." *Id.*

On August 21, 2026, the Government responded to Petitioner's Motion, to which it attached the Immigration Judge's bond denial from July 16, 2026 [Doc. No. 20-1, at 3]. In it, the Immigration Judge denied bond, stating the following:

> The Respondent failed to meet the burden regarding flight risk. Insufficient evidence regarding viable claim for relief. Ties to the United States and income verification are insufficient to establish stability and likelihood of future appearances.

*Id.*

The Court's order only directed Respondents to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226. [Doc. No. 15]. Petitioner received a bond hearing on July 16, 2026. The Court does not have jurisdiction to review a discretionary bond determination by an Immigration Judge. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the . . . revocation or denial of bond or parole.").[1] In this case, despite that the Immigration Judge's bond denial order is brief, Petitioner has not shown that the bond hearing failed to comply with this Court's prior Order to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226. Petitioner's motion also does not provide the Court with legal authority to review the Immigration Judge's discretionary bond decision made under § 1226.

[1] This statute refers to the Attorney General; however, Congress has empowered the DHS Secretary to enforce the INA. *See Nielsen v. Preap*, 586 U.S. 392, 397 n.2 (2019).

For these reasons, Petitioner's Motion for Immediate Release [Doc. No. 19] is **DENIED**.

**IT IS SO ORDERED** this 28th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE